# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMON ELLIOTT, # 31034-037 | : | Civil No. PJM-10-1526 |
| | | Criminal No. PJM-97-053 |
| v. | : | |
| UNITED STATES OF AMERICA | : | |

o0o
**MEMORANDUM OPINION**

This is Damon Elliott's pro se Motion to Review Sentence, claiming that his sentence of imprisonment was improperly enhanced under the United States Sentencing Guidelines. For the reasons that follow, the Motion will be construed under 28 U.S.C. § 2255 and dismissed without prejudice for lack of jurisdiction.

I.  BACKGROUND

Elliott is serving 189 months incarceration to be followed by five years of supervised releases for attempted aggravated sexual abuse in violation of 18 U.S.C. § 2241(2s). His conviction was affirmed on August 5, 1998. *See United States v. Elliott*, 153 F.3d 723 (4th Cir. 1998) (Table). Elliott's subsequent attempts to collaterally challenge his sentence and conviction were dismissed without prejudice after they were construed as successive § 2255 motions without prior Fourth Circuit authorization. *See* Civil Actions No. PJM-07-2018, *Elliott v. United States of America* (D. Md.); PJM-07-2489, *Elliott v. United States* (D. Md); *Elliott v. United States,* PJM-08-11 (D. Md); *Elliott v. United States*, PJM-09-3469 (D. Md).

II.  DISCUSSION

Elliott captions the instant pleading as a Motion to Review Sentence under 18 U.S.C. § 3642, the statutory provision which sets forth rights to appeal a criminal sentence. As noted above, Elliott's judgment of conviction was affirmed on appeal than ten years ago. Elliott does not advance

any legal basis for now proceeding under § 3642.

Further, the Motion collaterally challenges Elliott's sentence; thus, is properly considered as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255(a). Regardless of the label Elliott assigns to the pleading, the subject matter of the Motion determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). As such, the Motion is a successive 28 U.S.C. § 2255, which may not be considered by this Court without pre-filing authorization from the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Elliott does not demonstrate that he has obtained the prerequisite authorization and the Petition will be dismissed without prejudice for lack of jurisdiction.

### III. CERTIFICATE OF APPEALABILITY

This case presents no grounds to issue a Certificate of Appealability. Where, as here, a district court dismisses a petition solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Denial of a Certificate of Appealability does not prevent a petitioner from seeking permission to file a successive petition before the Court of Appeals, or pursuing claims after obtaining such permission.

### IV. CONCLUSION

Elliott does not show that he has obtained prefiling authorization to file this successive §

2

2255 motion.  Accordingly, the Court will dismiss the Motion without prejudice by separate Order.

|  |  |
|---|---|
| June 29, 2010 | /s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |